IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR409-159
)
JOHN M. PEREZ, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Government's Motion for a Preliminary Order of Forfeiture. (Doc. 31.) Defendant has agreed to the forfeiture in his plea agreement. (John M. Perez Plea Agreement at 3.) For the reasons set forth below, the Government's Motion is **GRANTED**.[1]

---

[1] This Court explained in a previous Order that a Preliminary Order of Forfeiture was required even where the forfeiture sought consists solely of a monetary judgment. (Doc. 30.) The Government challenges the Court's previous ruling stating that:

> On February 11, 2010, the United States filed a Motion for Order of Forfeiture. (Doc. 25) The government sought an order of forfeiture (rather than a preliminary order of forfeiture) because in cases like the instant matter where the government seeks an order of forfeiture consisting solely of a money judgment, the reasons for filing a preliminary order of forfeiture are not present. The primary purposes of a preliminary order of forfeiture are to require the government to provide notice of the forfeiture to potential third parties, publish notice of forfeiture, and seize the property. In cases involving solely a money judgment, there is no need to publish the order of forfeiture, there is no ancillary proceeding, and there is no property to seize. When a court enters a criminal forfeiture order in the form of a money

> judgment, it is simply ordering the defendant to forfeit the money that was derived from or used to commit his crime. The government can conduct specific discovery to locate specific funds, seek the forfeiture of substitute assets to satisfy the judgment, or attempt to enforce the judgment in some other way, such as by invoking the procedures set forth in the Federal Debt Collection Procedures Act. Thus, an order of forfeiture issued immediately after the guilty plea or verdict (ordinarily the preliminary order of forfeiture) will be identical to the order that is made part of the judgment at sentencing (the final order of forfeiture). On April 2, 2010, the United States' Motion for Order of Forfeiture was denied on the basis that a preliminary order of forfeiture had not been filed. Although a preliminary order of forfeiture is not necessary in a case involving solely a money judgment, out of an abundance of caution, the United States files the instant Motion for Preliminary Order of Forfeiture.

(Doc. 31 at 1-2.)

Noticeably absent from the Government's argument is a single legal citation supporting what it claims to be the scheme set forth by, or the purpose of, Federal Rule of Criminal Procedure 32.2. Worse, legal sources regarding this subject uniformly show that the Government's position is not only unsupported by the law, but contrary to it. Federal Rule of Criminal Procedure 32.2(b)(2)(A)'s plain text requires that the Court "must promptly enter a <u>preliminary order of forfeiture</u> setting forth the amount of <u>any monetary judgment</u>." <u>Id.</u> (emphasis added). Moreover, a simple Westlaw search uncovers many preliminary orders of forfeiture covering only monetary judgments. <u>See</u>, <u>e.g.</u>, <u>United States v. Johnson</u>, 2009 WL 4110324, at *1 (D. Del. 2009) (unpublished); <u>United States v. Patel</u>, 2009 WL 1579526, at *21 (W.D. La. 2009) ("In this case, the government seeks a personal money judgment from defendant. Thus, the Court, based on the evidence in the record, must determine the amount of money that defendant will be ordered to pay. Fed. R. Cr. P. 32.2(b)(1). Once the determination of the amount of property subject to forfeiture is made, the Court is required to '... promptly enter a preliminary order of forfeiture setting forth the amount of [... the] money judgment.' Fed. R. Cr. P. 32.2(b)(2).") (unpublished); <u>United States v. Peters</u>, 257 F.R.D. 377, 390 (W.D.N.Y. 2009). Even the

1. As a result of the guilty plea to Count One of the August 5, 2009 Information, for which the government sought forfeiture pursuant to 18 U.S.C. § 982(a) and 18 U.S.C. § 982(a)(1)(C) as incorporated by 28 U.S.C. § 2461, Defendant shall forfeit $500,000.00 in United States Currency ("the Property") in the form of a personal money judgment.

2. The Court has determined, based on evidence in the plea agreement and presented at the September 30, 2009 change of plea hearing, that the property is subject to forfeiture pursuant to 18 U.S.C. § 982(a) and 18 U.S.C. § 982(a)(1)(C) as incorporated by 28 U.S.C. § 2461 because the government has established the requisite nexus between the Property and the offense to which Defendant entered a plea of guilty, and the Government has offered sufficient proof of the amount of money that Defendant must pay.

3. Upon entry of this Order, United States Marshal or its designee is authorized to seize the subject property.

---

plea agreement in this case calls for the entry of a "preliminary order of forfeiture reflecting a money judgment." (Perez Plea Agreement at 3.) In light of the plain text of the Rule, the voluminous contrary authority, and the plea agreement, the Court can only express confusion as to the Government's position, which seems to suggest that prosecutorial convenience overrides the Federal Rules of Criminal Procedure. While the Court has no doubt that the Government is aware of, and did not mean to do violence to, its obligation to follow the Rules, the Government is reminded that the Federal Rules of Criminal Procedure apply equally to prosecutors, the Court, and defense counsel.

4. The United States Attorney for the Southern District of Georgia is authorized to conduct any discovery proper in identifying, locating, or disposing of the Property, any property traceable thereto, or any property that may be forfeited as substitute assets in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. To the extent that the Property includes specific property, the United States shall publish notice of the Order and its intent to dispose of the Property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Property.

7. Pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461, any person, other than the above named Defendant, asserting a legal interest in the Property may, within sixty (60) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Property and for an amendment of the Order of Forfeiture.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstance of the petitioner's acquisition of the right, title or interest in the Property, any additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Property following the Court's disposition of all third party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is **DIRECTED** to forward **four (4)** certified copies of this Order to Assistant United States Attorney James D. Durham, United States Attorney's Office for the Southern District of Georgia, 100 Bull Street, Suite 201, Savannah, Georgia 31401.

SO ORDERED this 26th day of April, 2010.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA